LAWRENCE G. BROWN
Acting United States Attorney
KIMBERLY A. SANCHEZ
Assistant U.S. Attorney
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:08-CR-064 OWW |
| | ) | |
| Plaintiff, | ) | ORDER ON DEFENDANT'S |
| | ) | MOTIONS IN LIMINE |
| v. | ) | |
| | ) | |
| FAHEEM MUHAMMAD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

     After a hearing on the motions in limine filed by the

defendant, for the reasons set forth on the record orally in Court

on July 27, 2009, it is hereby ordered that:

     1.  Evidence of the defendant's gang affiliation is

admissible.

     2.  Evidence of defendant's tattoo depicting a firearm

pointed at a head with the defendant's moniker "Bomb Child"

beneath the image and "one shot kill" above the image is

admissible.

     3.  Evidence of the defendant's tattoo with "WS Walnut 107

Hoova" and a picture of the Hoova Crip gang had sign is not admissible in the government's case-in-chief via direct testimony, but may become admissible on re-direct or rebuttal.

4.  Evidence of defendant's moniker "Bomb Child" is admissible.

5.  Evidence that firearms are possessed and used by members of criminal street gangs and that there was an ongoing conflict between members of the Muhammad/107 Hoova Crips and the Dog Pound criminal streets gangs at the time of the instant offense is admissible.

6. Evidence of DNA collection, testing or analysis or evidence collection is inadmissible.  Neither party shall make any mention of DNA nor shall they make any argument directly or inferentially or elicit any testimony regarding DNA collection or analysis.

7.  Evidence of the drugs found in the defendant's room is inadmissible.

8.  Defendant's parole status is inadmissible.

9.   The jury will be instructed that the Court has already determined that the search was legal, and that they should not consider the basis for the search in their deliberations.

//

//

//

//

//

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10.  Evidence that any officer involved in the investigation of this matter was assigned to MAGEC (Multi-agency Drug Enforcement Consortium) is admissible.

IT IS SO ORDERED.

**Dated:    July 29, 2009**              _____/s/ Oliver W. Wanger_____
                                         UNITED STATES DISTRICT JUDGE